Filed 8/10/26  P. v. Sheppard CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086036 |
| v. | (Super.Ct.No. BAF003172) |
| ROBERT EARL SHEPPARD, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Robert Earl Sheppard, Jr., in pro. per.; and Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Robert Earl Sheppard, Jr., appeals from the denial of his petition to vacate his attempted murder conviction under section 1172.6 of the Penal Code.  (Unlabeled statutory citations refer to this code.)  We affirm.

1

BACKGROUND

In April 2005, a jury convicted Sheppard of one count of attempted murder (§§ 664, 187, subd. (a)), one count of possession of a firearm by a felon (former § 12021, subd. (c)(1)), and one count of unlawful possession of a loaded firearm in public (former § 12031, subd. (a)(2)(d)). The jury found that Sheppard personally inflicted great bodily injury (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)) and personally and intentionally discharged a firearm proximately causing great bodily injury during the commission of the attempted murder. (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)).

Sheppard's convictions were affirmed on direct appeal. Following sentence corrections resulting from his direct appeal and subsequent communications from the California Department of Corrections and Rehabilitation, Sheppard is serving a sentence of 34 years to life in state prison.

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), which amended sections 188 and 189, thereby eliminating natural and probable consequences liability for murder and narrowing the definition of first degree felony murder. (*People v. Gentile* (2020) 10 Cal.5th 830, 843, 847, superseded by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 868-869.) The bill also created section 1172.6 (originally codified as section 1170.95) as a mechanism for retroactive application of those changes in the law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) Senate Bill No. 775 (2021-2022 Reg. Sess.) subsequently amended the statute to make it applicable to defendants convicted of

2

attempted murder or manslaughter. (Stats. 2021, ch. 551, § 1; see also *People v. Curiel* (2023) 15 Cal.5th 433, 449-450.)

In April 2022, Sheppard filed a petition for resentencing under former section 1170.95 to vacate his attempted murder conviction. At the prima facie hearing in April 2025, the People opposed the petition, arguing that Sheppard was ineligible for relief as a matter of law because there were no jury "instructions given regarding felony murder, natural and probable consequences, or any of the theories by which malice could be imputed to the defendant." The court found that Sheppard was "statutorily ineligible for relief" and denied the petition.

## DISCUSSION

We appointed counsel to represent Sheppard on appeal, and counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, raising no issues and asking us to exercise our discretion to conduct an independent review of the record. After counsel filed the *Delgadillo* brief, we advised Sheppard that he could file a personal supplemental brief, which he has done.

Sheppard argues that he is entitled to resentencing because he was "not the shooter in this case" and "those [were] not gunshot wounds to [the victim's] thora[c]ic cavity resulting in a c[o]llapsed lung, and fractured rib."

The arguments lack merit. A petition under section 1172.6 is not a mechanism to relitigate factual disputes that a jury has previously resolved. (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 458.) Rather, section 1172.6 gives defendants who were

3

convicted under now-invalid theories the opportunity to put the prosecution to the burden of proving any additional facts required for guilt under now-valid theories. But Sheppard was not convicted under a now-invalid theory. His jury was not instructed on the natural and probable consequences doctrine or any other theory on which malice could have been imputed. The jury therefore must have found that he was the actual shooter and acted with malice. Accordingly, he is ineligible for relief under section 1172.6.

## DISPOSITION

The order denying Sheppard's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.

4